IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

YVONNE ALSTON, )
10012 Cedarhollow Ln )
Largo, MD 20774 )
)
    Plaintiff, )
) Case No. CAL20-16378
v. )
)
FEDERAL HOME LOAN MORTG. CORP. )
aka Freddie Mac )
c/o Donald H. Layton )
8200 Jones Branch Drive )
McLean, Virginia 22102 )
)
    Defendant. )

## COMPLAINT AND JURY DEMAND

Plaintiff, Yvonne Alston, files suit against the defendant Federal Home Loan Mortgage Corporation ("FHLMC"), aka Freddie Mac, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages for violations of the Truth and Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and Equal Credit Opportunity Act 15 U.S.C. §1691 et seq. ("ECOA").

### PARTIES TO ACTION

2. Plaintiff Yvonne Alston is a natural person who resides in the state of Maryland.

3. FHMLC is a quasi-government entity that purchases residential mortgage loans originated by lenders, as well as invests in mortgage loans and mortgage-related securities.

### FACTUAL ALLEGATIONS

4. Ms. Alston's owns real property as her personal residence in Largo, MD.

5. Ms. Alston refinanced her personal residence in June 2013.

6.  Ms. Alston's lender and owner of her refinance loan was Virginia Heritage Bank.

7.  BB&T acquired the servicing of the loan from Virginia Heritage Bank.

8.  In 2020, Ms. Alston requested a modification of her loan due to Covid-19 ramifications to the economy.

9.  By letter dated June 3, 2020, BB&T informed Ms. Alston that it received her request for modification and informed Ms. Alston that FHLMC had acquired her loan.

10. BB&T, now known as Truist, processed Ms. Alston's modification on behalf of FHLMC and/or forwarded the modification request to FHLMC.

11. FHLMC rejected Ms. Alston's modification request.

12. Alternatively, FHLMC empowered BB&T to decide whether Ms. Alston's loan would be modified and instructed or regulated how BB&T would decide whether a consumer's loan, such as Ms. Alston's loan, would be modified or not.

12. As part of the modification review process, FHLMC and/or BB&T conducted an appraisal to determine a market value.

13. Ms. Alston was not provided a copy of the appraisal.

13. By letter dated July 22, 2020, BB&T apprised Ms. Alston that an appraisal was "prepared using various models and techniques proprietary to [BB&T] in accordance with [FHLMC's] guidelines for the use of BB&T

## COUNT ONE: VIOLATION(S) OF TILA

14. Plaintiff incorporates paragraphs 1 - 13 by reference.

15. FHLMC violated TILA, 15 U.S.C. § 1641(g)(1) by failing to notify the Plaintiff that the ownership of the loan had been transferred to it.

16. As a result of the aforesaid TILA violation, the Defendant is liable actual and

statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)(1)-(3).

## POTENTIAL CLASS CLAIM

17.     Plaintiff may seek to bring this claim on behalf of herself and all similarly situated consumers in the State of Maryland who had a loan sold to FHMLC but did not receive a notice of sale of the mortgage loan.

18.     Upon information and belief, FHLMC does not have proper policies and procedures in place to notify borrowers that their loan has been sold to it.

19.     On information and belief, FHLMC failed to provide written notice of its acquisition of consumers' mortgage loans on no less than 40 occasions.

20.     The exact number of members of the Class are unknown and not available to Plaintiff at this time, but it is clear that the Class is so numerous that individual joinder is impracticable.

21.     Plaintiff's claims are typical of the claims of other members of the Class.

22.     On information and belief, FHLMC business records will reveal that they failed to notify borrowers that their mortgage loan had been acquired by FHLMC. Therefore, by proving his case, the Plaintiff will simultaneously prove the case of the members of the Class.

23.     Further, Plaintiff's claims are typical of members of the Class because Plaintiff and members of the Class are entitled to statutory damages as result of FHMLC's conduct.

24.     Common questions of fact and law exist with the claims of Plaintiff and Class.

25.     These common questions of fact and law are whether FHMLC acquired the borrowers loan, whether FHMLC sent notice of the acquisition to the borrower, and whether class members are entitled to recover statutory and actual damages (and other relief) due to FHLMC's violations.

26. All of the foregoing issues are based on the same facts and legal theories for the Class as for the Plaintiff. And these common questions of fact and law are subject to common proof through review of FHLMC's business records.

27. These common questions of fact and law are answerable for the entirety of the Class and will predominate over any questions that may affect individual members of the Class.

28. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

29. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense required for individual prosecution of FHMLC's unlawful collection activities.

30. Even if individual members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

31. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

32. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured. Whereas, individual litigation by class members could lead to inconsistent verdicts. And joinder of all parties is simply impracticable.

33. Plaintiff will adequately and fairly represent and protect the interests of the Class.

34. Plaintiff <u>will</u> retain competent and experienced counsel in consumer litigation.

35. Plaintiff will have no interest antagonistic to those of the potential Class, and FHLMC has no defenses unique to Plaintiff.

## COUNT TWO: VIOLATION(S) OF ECOA

36. Plaintiff incorporates paragraphs 1-16 by reference.

37. Plaintiff is an "applicant" as defined by the ECOA, 15 U.S.C. § 1691a(b) for she applied for modification of her loan.

38. Defendant is a "creditor" as defined by the ECOA, 15 U.S.C. § 1691a(e) as it is an assignee of the loan and participates in decisions to modify loans, including extending, renewing or continuing credit.

39. The term "credit" means the right granted by a debtor to defer payment of a debt or to incur debts and defer its payment…and defer payment thereof. 15 U.S.C. § 1691a(d); 12 C.F.R. § 202.2(j).

40. Plaintiff's loss mitigation application sought, among other things, a loan modification, which is an application for "credit" as defined by § 1691a(d); § 202.2(j).

41. 15 U.S.C §1691(e)(1) requires a creditor, like Defendant, to furnish a copy of the appraisal or valuation that is used in the evaluation of a credit application.

42. Defendant did not provide Plaintiff with a copy of the appraisal that was developed in connection with evaluation Plaintiff's request for a loan modification.

43. Defendant violated 15 U.S.C §1691(e)(1) by failing to furnish Plaintiff with a copy of the appraisal and/or valuation used to evaluate her loan modification request.

44. Defendant's failure to furnish Plaintiff with the appraisal was not a mistake.

45. Defendant deliberately and intentionally chose not to provide Plaintiff with a copy of the appraisal.

46. Thus, Defendant willfully violated the ECOA, 15 U.S.C. § 1691(e).

Case 8:20-cv-03272-TDC Document 4 Filed 11/12/20 Page 6 of 6

47. As a result of the above violation(s), the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1691(e)(a), for punitive damages pursuant to 15 U.S.C. § 1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. § 1691(e)(d).

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant Federal Home Loan Mortgage Corporation; for her fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate.

TRIAL BY JURY IS DEMANDED.

Dated: September 16, 2020

    Respectfully submitted,

    _____
    Yvonne R. Alston
    10012 Cedarhollow Ln
    Largo, Maryland 20774
    Tel: (301) 350-5780
    E-mail: Yvonne_Alston@Comcast.Net

    *Pro Se Plaintiff*



RECEIVED OCT 13 2020 LITIGATION

6