IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE ALSTON, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TDC-20-3272 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss or, in the Alternative, for Summary Judgment.  As explained below, Plaintiff's First Amended Complaint ("FAC") suffers from the same legal deficiencies as her initial complaint and, therefore, is subject to dismissal for the same reasons.

## INTRODUCTION

Plaintiff Yvonne R. Alston is a frequent litigant in this Court[1] with a long history of filing questionable claims as a means to derive a source of income from settlements.  This case represents

---

[1] Plaintiff has filed eleven other lawsuits in addition to this one since July 2021.  *See Alston v. Trans Union LLC*, Case No. 20-cv-00593-TDC (Mar. 4, 2020); *Alston v. Freedom Plus/Cross River*, 17-cv-00033-TDC (Jan. 1, 2017); *Alston v. Transunion, LLC*, Case No. 16-cv-00491-GJH (Feb. 22, 2016); *Alston v. Transunion, LLC*, Case No. 16-cv-00491-GJH (Feb. 22, 2016); *Alston v. Branch Banking & Trust Co.*, Case No. 15-cv-03100-GJH (Oct. 13, 2015); *Alston v. Chase Bank USA, N.A.*, Case No. 14-cv-2987-PWG (Sept. 29, 2014); *Alston v. RBS Citizens, N.A.*, Case No. 13-cv-02675-TDC (Sept. 13, 2013); *Alston v. Equifax Info. Services, LLC*, Case No. 13-cv-02388-DKC (Aug. 5, 2013); *Alston v. Northstar Location Servs., LLC*, Case No. 13-cv-01218 PWG (Apr. 24, 2013); *Alston v. Palisades Collection, L.L.C.*, Case No. 13-cv-01012-RWT (Apr. 5, 2013); *Alston v. Central Credit Services, Inc.* Case No. 12-cv-02711-DKC (Sept. 11, 2013); *Alston v. Hartford Fin. Servs., Inc.*, Case No. 12-cv-02270-AW (July 31, 2012). All of these prior lawsuits appear to have been dismissed as a result of a settlement between the parties with the exception of Case No. 15-cv-03100-GJH, where Judge Hazel granted summary judgment in favor of Trans Union and ordered Plaintiff to pay Trans Union's attorneys' fees in the amount of $6,634.56.  *See* ECF No. 89 in Case No. 15-cv-03100-GJH.

her latest effort to keep pace with the other members of her family who have similarly filed questionable claims in hopes of leveraging the potential costs of litigation to achieve early settlements.[2]  *See, e.g., Alston v. Creditors Interchange Receivable Mgmt., LLC*, 2012 WL

---

[2] Plaintiff is the mother of Thomas Alston, Candace Alston and Jonathan Alston, and together, the four of them are responsible for, at least, **fifty-five** lawsuits pending in this Court since August 2011. *See* fn. 1, *supra*, for Plaintiff's other cases.

Thomas Alston's cases include: *Alston et al v. Servis One, Inc.*, Case No. 19-cv-01475-TJS (May 20, 2019); *Alston v. Barclays Bank Delaware*, Case No. 18-cv-02829-TDC (Sept. 12, 2018); *Alston v. AT&T Services Inc.*, Case No. 18-cv-02529-GJH (Aug. 17, 2018); *Pittman et al v. Deutsche Bank Nat'l Trust Co.*, Case No. 18-cv-02425-GJH (Aug. 8, 2018); *Alston v. Home Depot U.S.A., Inc.*, Case No. 17-cv-03734-TDC (Dec. 18, 2017); *Alston v. AOL Inc.*, Case No. 15-cv-03592-RWT (Nov. 11, 2015); *Alston et al v. Federal National Mortgage Association*, Case No. 17-cv-02938-CBD (Oct. 4, 2017); *Alston v. ABC Financial Services, Inc.*, Case No. 17-cv-02748-TDC (Sept. 15, 2017); *Alston v. OneMain Financial, Inc.*, Case No. 17-cv-02866-PX (Sept. 9, 2017); *Alston v. Monarch Bank*, Case No. 16-cv-00608-TDC (Mar. 2, 2016); *Alston et al v. Transunion, LLC*, Case No.16-cv-00491-GJH (Feb. 22, 2016); *Alston v. Wells Fargo Bank, N.A.*, Case No. 16-cv-00004-PJM (Jan. 4, 2016); *Alston v. Equifax Info. Services, LLC*, Case No. 15-cv-03099 TDC (Oct. 13, 2015 D. Md.); *Alston v. Citibank, N.A.*, Case No. 14-cv-03199-DKC (Oct. 10, 2014 D. Md.); *Alston v. RJM Acquisitions LLC*, Case No. 13-cv-01704-RWT (June 12, 2013 D. Md.); *Alston v. ER Solutions, Inc.*, Case No.13-cv-01598-PJM (June 3, 2013 D. Md.); *Alston v. Equifax Information Services, LLC*, Case No. 13-cv-01232-PWG (April 29, 2013 D. Md.); *Alston v. HSBC Card Services, Inc.*, Case No. 13-cv-01226-PWG (April 25, 2013); *Alston v. Wells Fargo Bank, N.A.*, Case No. 12-cv-03745-AW (Dec. 21, 2012 D. Md.); *Alston v. Wells Fargo Bank, N.A.*, Case No. 12-cv-03671-AW (Dec. 14, 2012 D. Md.); *Alston v. Cavalry Portfolio Services, LLC,* Case No. 12-cv-03589-AW (Dec. 7, 2012 D. Md.); *Alston v. ER Solutions, Inc.*, Case No. 12-cv-02542-RWT (Aug. 24, 2012 D. Md.); *Alston v. Professional Account Management, LLC*, Case No. 12-cv-02064-AW (July 11, 2012 D. Md.); *Alston v. Cavalry Portfolio Services, LLC*, Case No. 12-cv-02065-AW (July 11, 2012 D. Md.); *Alston v. Wells Fargo Bank, N.A.*, Case No. 12-cv-02001-JFM (July 5, 2012 D. Md.); *Alston v. Bank of America, N.A.*, Case No. 12-cv-01819-AW (June 20, 2012 D. Md.); *Alston v. NCO Financial Systems, Inc.*, Case No. 12-cv-01708-AW (June 11, 2012 D. Md.); *Alston v. FIA Card Services N.A.*, Case No. 11-cv-03722-JFM (Dec. 22, 2011 D. Md.); *Alston v. Creditors Interchange, Inc.*, Case No. 11-cv-02292-RWT (Aug. 8, 2011 D. Md.).

Candace Alston's cases include: *Alston v. Experian Information Solutions, Inc.*, Case No. 21-cv-00042-PWG (Jan. 7, 2021); *Alston v. Chesapeake Collections, Inc.*, Case No. 20-cv-03202-GJH (Nov. 4, 2020); *Alston v. Fulton Bank NA*, Case No. 20-cv-02212-GJH (July 29, 2020); *Alston v. Equifax Information Services LLC*, Case No. 20-cv-00690-GJH (March 16, 2020); *Alston v. Monarch Bank*, Case No. 16-cv-00608-TDC (Mar. 2, 2016); *Alston v. Transunion, LLC*, Case No. 16-cv-00491-GJH (Feb. 22, 2016); *Alston v. Equifax Information Services, LLC*, Case No. 15-cv-03343-TDC (Nov. 2, 2015); *Alston v. Experian Info. Services, Inc.*, Case No. 14-cv-03957-TDC (Dec. 29, 2014); *Alston v. Transunion, LLC*, Case No. 14-cv-01180-TDC (Apr. 10, 2014); *Alston v. Virginia Heritage Bank*, Case No. 14-cv-00656-RWT (Mar. 6, 2014); *Alston v. Wells Fargo Home Mortgage*, Case No. 13-cv-03147-TDC (Oct. 23, 2013); *Alston v. Equifax Info. Services, LLC,* Case No. 13-cv-01230-TDC (Apr. 25, 2013); *Alston v. Discover Fin.* Services, Case No. 12-cv-03357-AW (Nov. 15, 2012); *Alston v. HSBC Card Services, Inc.*, Case No. 12-cv-02732-RWT (Sept. 13, 2012); *Alston v, First Premier, Inc.*, Case No. 12-cv-02244-PJM (July 30, 2012); *Alston v. Monarch Bank*, Case No. 12-cv-01512-JFM (May 21, 2012).

Jonathan Alston's cases include: *Alston v. Navy Federal Credit Union*, Case No. 21-cv-00040-GJH (Jan. 6, 2021); *Alston v. Trident Asset Management, LLC*, Case No. 18-cv-00575-PJM (Feb. 26, 2018); *Alston v. Orion Portfolio Services, LLC*, Case No. 16-cv-03697-PJM (Nov. 14, 2016); *Alston v. Clark*, Case No. 16-cv-01182-GJH (Apr. 20, 2016); *Alston v. Equifax Information Services, LLC*, Case No. 15-cv-03393-DKC (Nov. 11, 2015); *Alston et al v. Transunion, LLC*, Case No. 15-cv-03099-TDC (Oct. 13, 2015); *Alston v. Transworld Systems, Inc.*, Case No. 12-cv-01815-JFM (June 19, 2012); *Alston v. LHR, Inc.*, Case No. 12-cv-03294-DKC (Nov. 9, 2012); *Alston v. United Collections Bureau, Inc.*, Case No. 13-cv-00913-DKC (Mar. 27, 2013); *Alston v. Equifax Info. Systems, LLC*, Case No.13-cv-02390-DKC (Aug. 15, 2013).

4370124 (D. Md. Sept. 21, 2012) (Chasanow, C.J.) (collecting cases and revoking *in forma pauperis* status in numerous cases filed by the 'enterprise').

Despite Plaintiff's experience as a serial litigant and this Court granting her the opportunity to amend her complaint once her attorney entered his appearance in this case, Plaintiff still fails to allege sufficient facts to state a plausible claim for relief against Freddie Mac. Alternatively (or additionally), summary judgment should be entered in favor of Freddie Mac as to Plaintiff's claim under TILA because this claim is not only time-barred but also has been released in a settlement of prior litigation involving the same mortgage loan at issue in this case. Notably, despite Freddie Mac reminding Plaintiff of the settlement in its response to the initial complaint, Plaintiff's FAC does nothing to address or respond to the fact that she released the same TILA claim that she continues to assert in this case. In short, there is simply no basis for this matter to proceed beyond the pleading stage, and the FAC should be dismissed, with prejudice.

## FACTUAL BACKGROUND

In 2015, Plaintiff sued Branch Banking and Trust Company ("BB&T") alleging that BB&T improperly reported disputed payment information relating to Plaintiff's mortgage loan to certain credit reporting agencies. *Yvonne R. Alston v. Branch Banking & Trust Company, et al.*, 8:15-cv-03100-GJH (D. Md.). BB&T settled the claims with Plaintiff and, in connection with that settlement, Plaintiff executed a broad release wherein she "fully, finally, and unconditionally releases and forever discharges" BB&T and its assignees "from any and all claims, causes of action, demands, judgments, decrees or suits of any kind or nature, at law or in equity, known or unknown, foreseen or unforeseen, that she has or may have as of the Effective Date [April 4, 2017] arising out of or relating to the Loan." *See* Settlement Agreement and Release, attached as **Exhibit 1**. *See* Declaration of Brian L. Moffet, Esq. ¶ 5, attached as **Exhibit 2**.

Notwithstanding the release, Plaintiff alleges that Freddie Mac, the assignee of Plaintiff's mortgage loan (from BB&T), violated TILA by "failing to notify the Plaintiff" that her loan had been assigned to Freddie Mac. (ECF No. 19, ¶¶ 26). Plaintiff also claims that Freddie Mac violated ECOA by "failing to furnish Plaintiff with a copy of the appraisal and/or valuation used to evaluate her loan modification request." (*Id.*, ¶ 36). In support of this claim, Plaintiff states that she is an African American female and therefore alleges "***[u]pon information and belief***" that Freddie Mac "does not provide female borrowers or borrowers residing in majority black neighborhoods with copies of their appraisal with the same frequency that it provides borrowers with copies of their appraisals that live in majority white neighborhoods or men borrowers." (*Id.*, ¶¶ 4, 24) (emphasis added). As a result of both of these alleged statutory violations, Plaintiff asserts that she was not able "to successfully modify her loan or obtain other available relief." (*Id.*, ¶¶ 27 and 40). Notably, Plaintiff fails to allege how these purported statutory violations prevented her from modifying her loan or obtaining "other relief."

## STANDARDS OF REVIEW

**I.      Motion to Dismiss**

In *McCray v. Samuel I. White, P.C.*, this Court explained:

> To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

TDC-18-3491, 2019 WL 6895986, at *2 (D. Md. Dec. 18, 2019).

## II.     Motion for Summary Judgment

This Court explained in *Annan v. Capital One Bank* that:

> Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49, 106 S.Ct. 2505.

TDC-19-1329, 2020 WL 5407901, at *3 (D. Md. Sept. 9, 2020).

## ARGUMENT

### I.     The FAC Should Be Dismissed Because Plaintiff Has Not Alleged Any Injury-in-Fact and, Therefore, Lacks Standing.

One of the reasons Plaintiff sought leave to amend was to attempt to cure the defect in her initial complaint and plead an injury-in-fact in order to convey standing. Plaintiff tries to accomplish this by alleging in the FAC that Freddie Mac's alleged statutory violations of the Truth in Lending Act (TILA) and the Equal Credit Opportunity Act (ECOA) "caused her not to successfully modify her loan or obtain other available relief." (ECF No. 19, ¶¶ 36, 40). Not only is this threadbare assertion insufficient to satisfy the injury-in-fact requirement of Article III standing, but the FAC is devoid of allegations causally connecting Freddie Mac's alleged statutory violations with Plaintiff's inability to "successfully modify her loan." For example, the FAC does not explain how the alleged failure to notify Plaintiff in *2013* that her loan had been assigned to Freddie Mac prevented her from successfully obtaining a loan modification seven years later in

5

*2020*.  Similarly, the assertion that Freddie Mac allegedly failed to furnish Plaintiff with a copy of the appraisal used to evaluate her request for a loan modification has nothing to do (and is not alleged to have anything to do) with the consideration or disposition of the request itself.  Simply stated, there are no facts alleged in the FAC to suggest, much less make it plausible, that Freddie Mac's purported statutory violations are the reason or the cause for Plaintiff's alleged failure to obtain a loan modification.  *See Gutierrez v. First Nat'l Bank of Am.*, GJH-18-479, 2018 WL 4562959, at *4–5 (D. Md. Sept. 21, 2018) (bare procedural violation of TILA did not cause injury in fact); *Trapp v. SunTrust Bank*, 699 F. App'x 144 (4th Cir. 2017) (dismissing ECOA claim where no injury in fact alleged); *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 3985285, at *6 (D. Md. Sept. 7, 2012) (holding that an injury resulting from an alleged ECOA violation is not to be presumed; actual damages "must be specifically proven" (internal citation omitted)), *aff'd sub nom. Coulibaly v. JP Morgan Chase Bank, N.A.*, 526 F. App'x 255 (4th Cir. 2013).

Plaintiff's other allegation – that Freddie Mac's alleged violations prevented her from obtaining "other available relief" – is too vague and too general to satisfy the *Twombly/Iqbal* standards.  Accordingly, the FAC fails to plausibly allege that the purported violations of TILA and ECOA caused Plaintiff to suffer any injury-in-fact to establish Article III standing.  *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016); *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 344 (4th Cir. 2017).

**II.    The FAC Fails to State a Plausible ECOA Claim.**

The ECOA prohibits discrimination 'with respect to any aspect of a credit transaction'" on the basis of, *inter alia*, "race, color, religion, national origin, sex, or marital status." *Wiltshire v. Dhanraj*, 421 F.Supp.2d 544, 557 (E.D.N.Y. 2005) (quoting 15 U.S.C. § 1691(a)).  Yet, Plaintiff has not alleged any facts showing intentional, race or gender-based discrimination to support her

6

new assertion that Freddie Mac's alleged failure to furnish a copy of the appraisal was the result of discriminatory treatment. Instead, Plaintiff alleges, "*[u]pon information and belief*" that Freddie Mac "does not provide female borrowers or borrowers residing in majority black neighborhoods with copies of their appraisal with the same frequency that it provides borrowers with copies of their appraisals that live in majority white neighborhoods or men borrowers." (ECF No. 19, ¶ 24) (emphasis added). Conclusory allegations like this fall far short of pleading race or gender-based discrimination under *Twombly* and *Iqbal* and are therefore insufficient to state a claim under ECOA. *See Reece v. Countrywide Home Loans, Inc.*, 2008 WL 4559809, at *3 (N.D. Tex. Oct. 10, 2008) (dismissing EOCA claim where plaintiff's "mere suspicion or belief that he has suffered race-based discrimination is simply insufficient to maintain this action"). *Accord Ivy v. U.S. Dep't of Ag.,* 2010 WL 2559885, at *4 (N.D. Miss. June 23, 2010) (dismissing ECOA claim that "does not cite any specific...action that can be labeled discriminatory").

Because the conduct alleged in the FAC does not fall within the scope of the ECOA, and because the FAC does not plausibly allege any form of discrimination, Plaintiff has failed to state a plausible claim under ECOA. *Wilshire*, 421 F. Supp. 2d at 557 (dismissing ECOA claim because no discrimination was alleged); s*ee also Kwon v. Santander Consumer USA*, 2017 WL 5495811, at *6 (E.D.N.Y. Apr. 18, 2017), *aff'd*, 742 F. App'x 537 (2d Cir. 2018) (same).

**III. There Is No Dispute of Material Fact That Plaintiff's TILA Claim is Time Barred; Freddie Mac is Entitled to Summary Judgment on This Claim.**

Plaintiff's TILA claim is time-barred under the Act's 1-year limitations period – which is not subject to the discovery rule. *See Wiseman v. First Mariner Bank*, ELH-12-2423, 2013 WL 5375248, at *27 (D. Md. Sept. 23, 2013). Under 15 U.S.C. § 1641(g)(1), an assignee has 30 days after the date the mortgage loan is sold to provide notice to the borrower. Thus, a claim for

violating 15 U.S.C. § 1641(g)(1) accrues 30 days after the assignment and expires one year after that date.

As set forth in the accompanying Declaration of Dean Meyer, Plaintiff's loan was assigned by BB&T to Freddie Mac on September 12, 2013. *See* Declaration of Dean Meyer, ¶ 5.d, attached as **Exhibit 3**. The affidavit also attests to the fact that a letter advising Plaintiff of the sale and the new owner of the loan was sent to her less than one month later on October 7, 2013. *Id*. ¶ 6. Because Plaintiff's loan was assigned approximately seven years prior to the filing of this action, her TILA claim is time-barred.

Additionally, Freddie Mac is entitled to summary judgment on Plaintiff's TILA claim as a result of the 2017 release between Plaintiff and BB&T related to this same mortgage loan. *See* Ex. 1, Settlement Agreement and Release. The release provides, in pertinent part, that:

> In consideration of the mutual promises set forth in herein, Alston . . . hereby fully, finally, and unconditionally releases and forever discharges BB&T, including its . . . assigns and assignees, or any agent acting or purporting to act for them or on their behalf, from any and all claims, causes of action, demands, judgments, decrees or suits of any kind or nature, at law or in equity, known or unknown, foreseen or unforeseen, that she has or may have as of the Effective Date [April 4, 2017], arising out of or relating to the Loan, the efforts to collect any and all amounts owed under the Loan, the reporting of any information related to the Loan, and the claims made or that could have been made in the Litigation, provided that this release shall not apply to any of the undertakings of the Settling Parties under this Agreement

*Id*. (para. 5). As the foregoing provision makes clear, Plaintiff's broad release extends to BB&T's assignees, including Freddie Mac, and releases all claims, whether known or unknown, arising from or relating to Plaintiff's mortgage loan that existed as of April 4, 2017. *Id*. Because the assignment about which Plaintiff now complains occurred in 2013 – more than four years before she signed the release – Plaintiff is barred from pursuing her TILA claim premised on the allegedly undisclosed assignment of her loan to Freddie Mac.

Accordingly, Freddie Mac is entitled to summary judgment as to Plaintiff's TILA claim.

## CONCLUSION

For the foregoing reasons, Defendant Federal Home Loan Mortgage Corporation respectfully submits that its Motion to Dismiss or, in the Alternative, for Summary Judgment should be GRANTED, that the FAC should be DISMISSED WITH PREJUDICE, and that this case should be CLOSED.

Respectfully submitted,

*/s/ Brian L. Moffet*
Brian L. Moffet (Fed Bar No. 13821)
Michael B. Brown (Fed Bar No. 19641)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
410.727.6464
bmoffet@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Federal Home Loan Mortgage Corporation*