## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YVONNE ALSTON, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-20-3272 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

### MEMORANDUM OPINION

Plaintiff Yvonne Alston, the mortgagee of a property in Largo, Maryland, filed a complaint against the Federal Home Loan Mortgage Corporation ("FHLMC") in the Circuit Court of Prince George's County and alleged FHLMC violated 15 U.S.C. § 1641(g)(1) of the Truth in Lending Act ("TILA") and 15 U.S.C. § 1691(a) of the Equal Credit Opportunity Act ("ECOA"). ECF 4. FHLMC removed the case to the District of Maryland pursuant to 12 U.S.C. § 1452(f). ECF 1. Pending before the Court is FHLMC's motion to dismiss Ms. Alston's first amended complaint. ECF 22. The motion is ripe for disposition. ECF 23 & 24. Because Ms. Alston has failed to allege facts sufficient to establish Article III standing to assert the TILA and ECOA claims, the Court dismisses the first amended complaint for lack of subject matter jurisdiction.

### I.      Background

For purposes of deciding the motion to dismiss, the Court accepts all facts pleaded in the first amended complaint as true. Plaintiff Yvonne Alston, an African-American female, has a personal residence in Largo, Maryland. ECF 19 (First Amended Complaint), ¶ 4. In 2013, she refinanced the mortgage on her home. *Id.* ¶ 5. Virginia Heritage Bank was the lender who refinanced the loan. *Id.* ¶ 6. BB&T acquired the servicing of the loan. *Id.* ¶ 7.

In 2020, Ms. Alston requested a modification of her loan and cited the Covid-19 pandemic's effect on the economy as the reason. *Id.* ¶ 8. In a letter dated June 3, 2020, BB&T confirmed receipt of her modification request and informed her that FHLMC had acquired her loan. *Id.* ¶ 9. This news came as a surprise to Ms. Alston. *Id.* ¶ 10. She alleges that, prior to her receipt of the June 3, 2020 letter, FHLMC had not informed her that it owned her loan, and FHLMC had not recorded the assignment in the land records. *Id.* ¶¶ 11–12.

Ms. Alston alleges that, "[u]pon information and belief, after FHLMC failed to disclose its ownership in the loan to" her "within 30-days of acquiring the loan, FHLMC and BB&T intentionally withheld that information from [her] because FHLMC did not want to provide any notice to [her] that it violated the law." *Id.* ¶ 13. Plaintiff alleges FHLMC's failure to disclose it owned the loan "was important and significant" because FHLMC operates "more favorable loan modification programs that non-quasi government lenders, such as Virginia Heritage Bank." *Id.* ¶ 14. Ms. Alston further alleges "she was hampered in devising an appropriate approach to negotiate a loan modification" because she was deprived of the knowledge that FHLMC owned her loan. *Id.* ¶ 15. Also "[u]pon information and belief," she alleges that FHLMC "purposely" utilizes "inadequate procedures and practices for notifying borrowers that it is the owner of loans because FHLMC desires to avoid its obligations imposed upon it by the government" and unwitting borrowers "will not make any requests upon FHLMC." *Id.* ¶ 16.

BB&T either processed Ms. Alston's loan modification request or sent the request to FHLMC, and the request was denied. *Id.* ¶¶ 17–18. "Alternatively, FHLMC empowered BB&T" to render a decision on Ms. Alston's request "and instructed or regulated how BB&T would decide whether a consumer's loan, such as Ms. Alston's loan, would be modified or not." *Id.* ¶ 19. In processing Ms. Alston's request, either FHLMC or BB&T acquired an appraisal of Ms. Alston's

property but did not provide Ms. Alston a copy of that appraisal.  *Id.* ¶¶ 20–21.  In a July 22, 2020 letter, BB&T "apprised Ms. Alston that an appraisal was 'prepared using various models and techniques proprietary to" BB&T and "in accordance with" FHLMC's guidelines.  *Id.* ¶ 22. Because FHLMC did not provide Ms. Alston a copy of the appraisal, "she did not fully understand why her application was denied" and her ability to challenge the denial was hampered.  *Id.* ¶ 23.

Ms. Alston asserts that FHLMC violated TILA by "failing to notify" her "that the ownership of [her] loan had been transferred to it.*"  Id*. ¶ 26.  She further alleges this "violation caused her not to successfully modify her loan or obtain other available relief."  *Id.* ¶ 27.  She seeks actual and statutory damages and attorneys' fees under TILA.  *Id.* ¶ 28.  She also asserts that, under ECOA, FHLMC was required to give her a copy of the appraisal or valuation used in the evaluation of her application, that it failed to do so in violation of the statute, and that the "violation caused her not to successfully modify her loan or obtain other relief available."  *Id.* ¶¶ 34, 35, 40.  She alleges, upon information and belief, that FHLMC "does not provide female borrowers or borrowers residing in majority black neighborhoods with copies of their appraisals with the same frequency that it provides borrowers with copies of their appraisals that live in majority white neighborhoods or men borrowers."  *Id.* ¶ 24.  She asserts FHLMC willfully and intentionally chose not to provide her with a copy of the appraisal.  *Id.* ¶¶ 38, 39.  She seeks actual, statutory, and punitive damages under ECOA.  *Id.* ¶ 40.

FHLMC filed a motion to dismiss Ms. Alston's first amended complaint or, in the alternative, for summary judgment.  ECF 22.  FHLMC argues plaintiff lacks Article III standing as to both claims, fails to state a claim under ECOA, and untimely filed her TILA claim.  FHLMC alternatively argues that the TILA claim is barred by a general release provision of a settlement agreement between Ms. Alston and BB&T.

## II.     Standard of Review

FHLMC styled its motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, as one under Rule 56.  As one ground for dismissal, FHLMC argues Ms. Alston lacks Article III standing to bring her claims.  "Standing 'is a threshold jurisdictional question' that ensures a suit is 'appropriate for the exercise of the [federal] courts' judicial powers.'"  *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 S. Ct. 1003 (1998))).  "When a defendant moves to dismiss a plaintiff's claim for lack of standing, courts commonly address the motion under 12(b)(1)."  *Richardson v. Mayor and City Council of Balt.*, No. RDB-13-1924, 2014 WL 602111, at *1 (D. Md. Jan. 7, 2014).

The standard of review, however, in this case is the same as the Rule 12(b)(6) standard because FHLMC lodges a facial challenge to standing.  "In a facial challenge, the defendant contends that the complaint 'fails to allege facts upon which [standing] can be based,' and the plaintiff 'is afforded the same procedural protection' that exists on a motion to dismiss.'"  *Overby v. Mayor of Balt.*, 930 F.3d 215, 227 (4th Cir. 2019) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "Ordinarily, '[f]or purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  *Ali v. Hogan*, 496 F. Supp. 3d 917, 922 (D. Md. 2020) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)), *aff'd as modified*, 26 F.4th 587 (4th Cir. 2022).  However, "[w]hile, in considering a motion to dismiss, [a court] accept[s] properly pled factual allegations as true and construe[s] them in the light most favorable to the plaintiff, 'wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss.'"  *Doe v. Va. Dept. of State Police*, 713 F.3d 745, 754 (4th Cir. 2013) (quoting *Catholic*

*League for Religious and Civil Rights v. City and Cnty. of S.F.*, 624 F.3d 1043, 1080 (9th Cir. 2010) (quoting *Mann v. City of Tuscon*, 782 F.2d 790, 793 (9th Cir. 1986) (per curiam))). "[T]he motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

### III.   Discussion

Article III standing requires that a plaintiff have: "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613, 619–20 (4th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

"[T]o establish [an] injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Trapp v. SunTrust Bank*, 699 F. App'x 114, 145 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992))). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 578 U.S. at 340. It need not, however, be "tangible." *Id.*

Plaintiff alleges a concrete injury. She claims she did not successfully modify her loan because of FHLMC's violations of TILA and ECOA. ECF 19, ¶¶ 27 & 40. Although she does not specifically allege that a loan modification would have improved her financial situation, she does allege she sought a modification "due to Covid-19 ramifications in the economy," *id.* ¶ 8, and from this, the Court can infer a loan modification would have been financially favorable to her. This is more than a "mere procedural statutory violation," as defendant argues. *See Spokeo*, 578 U.S. at 342. The denial of a loan modification involves harm to a legally protected financial interest for purposes of standing. *See Cotrell v. Alcon Lab'ys*, 874 F.3d 154, 163 (3d Cir. 2017)

("the Supreme Court has repeatedly recognized that financial or economic interests are 'legally protected interests' for purposes of the standing doctrine" (citing *Vt. Agency of Nat. Res. v. United States*, 529 U.S. 765, 772–77 (2000); *Clinton v. New York*, 524 U.S. 417, 432 (1998); *Sierra Club v. Morton*, 405 U.S. 727, 333–34 (1972))). Accordingly, Ms. Alston has alleged a concrete injury as required to meet Article III's standing requirement. *See Fillinger v. Third Fed. Sav. and Loan Ass'n*, No. 21-3088, 2021 WL 6200498, at *2 (6th Cir. Nov. 16, 2021) (finding a concrete injury under ECOA where the plaintiff alleged a home loan was denied due to the lender's use of false information); *McQuinn v. Bank of America, N.A.*, 656 F. App'x 848, 849 (9th Cir. 2016) (finding the plaintiffs alleged a concrete injury under TILA where they allegedly were deceived into paying mortgage payments to an entity with no right to the payments and thus were prevented from satisfying their own payment obligations).[1]

Ms. Alston has not, however, alleged the traceability element of standing. "A plaintiff's injury satisfies the traceability element of standing when there is 'a causal connection between the injury and the [defendant's] conduct complained of by the plaintiff.'" *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 901 (4th Cir. 2022) (quoting *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 760 (4th Cir. 2018) (internal quotation marks omitted)). "[I]t must be likely that the injury was caused by the conduct complained of and not by the independent action of some third party

---

[1] In her opposition to the motion to dismiss, Ms. Alston argues her concrete injury under TILA was the deprivation of knowing her loan had been transferred to FHLMC and the resulting "hampering" of her ability to devise "an appropriate approach to negotiate a loan modification." ECF 23, at 1-2 (quoting ECF 19, ¶ 15). As to the ECOA claim, she argues the injury resulting from the failure to disclose the appraisal was that "she did not fully understand why her application was denied and [she was] hampered in her ability to challenge the Defendant's denial of her application." *Id.* at 2 (quoting ECF 19, ¶ 23). To the extent these are the injuries alleged in the first amended complaint, they do not satisfy the concrete injury-in-fact element. Neither of these alleged injuries is an invasion of a legally protected financial interest.

not before the court." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000).

Plaintiff alleges that FHLMC's statutory violations "caused her not to successfully modify her loan." ECF 19, ¶¶ 27 & 40. Such conclusory allegations fall short of pleading traceability. As to the alleged TILA violation—the failure to provide notice of FHLMC's acquisition of her loan—plaintiff does not specify how her lack of knowledge that FHLMC, not BB&T or Virginia Heritage Bank, owned the loan caused her not to successfully modify her loan. While she asserts generally that FHLMC "provides mo[r]e favorable loan modification programs than non-quasi government lenders," ECF 23, at 1–2 (citing ECF 19, ¶¶ 14 & 15), she does not allege the specific program that she would have qualified for, the favorable terms she would have been entitled to seek, how she would have altered her application for a loan modification, or how she would have qualified for a loan modification if she had known FHLMC owned the loan. Ms. Alston similarly fails to allege a causal nexus between FHLMC's alleged ECOA violation—the discriminatory failure to provide her with the appraisal of her property—and her inability to modify the loan. She does not allege the appraisal was the reason she was denied the loan modification. Nor does she allege how her lack of access to the appraisal hampered her ability to challenge the denial of her request or how having the appraisal would have led to a successful loan modification.[2] Ms. Alston's conclusory statements that FHLMC's statutory violations caused her not to successfully

---

[2] In her opposition, plaintiff seeks "[t]o clarify" that she "is alleging she would have successfully appealed the denial of her loan application if she had received a copy of the appraisal." ECF 23, at 2. She also argues that, had she known FHLMC owned her loan she would have "pursued the more favorable and suitable options" FHLMC offers and "would have been approved the modification." *Id.* A plaintiff, however, may not amend the pleadings in an opposition brief. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Even if Ms. Alston had made those allegations in her first amended complaint, she has not pled or otherwise identified sufficient facts to make the conclusory allegations plausible.

modify her loan do not plausibly allege a causal connection between a concrete injury and the purported statutory violations. *See Doe*, 73 F.3d at 754; *Friends of the Earth*, 204 F.3d at 154; *cf. Gilmore v. Ally Fin., Inc.*, No. 15-CV-6240 (RER), 2017 WL 1476596, at *7–8 (E.D.N.Y. Apr. 24, 2017) (finding a plaintiff adequately pled traceability for an ECOA claim where she alleged a "specific policy and practice to permit dealers to mark up the buy rate for reasons not related to the borrower's creditworthiness," which "create[d] financial incentives for dealers to mark up borrowers' interests rates above those established based on [a] consumer's creditworthiness," caused African-Americans to pay higher interest rates than white borrowers). Accordingly, Ms. Alston has not satisfied the traceability element of standing.

## IV.    Conclusion

Ms. Alston has failed to allege an element essential to Article III standing. Her claims therefore must be dismissed for lack of subject matter jurisdiction.[3]  Dismissal is without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175,

---

[3] This case was removed from state court. 28 U.S.C. § 1447(c), which governs post-removal procedures, provides that "the case shall be remanded . . . if it appears that the district court lacks subject matter jurisdiction." But remand is not the appropriate disposition here because under 12 U.S.C. § 1452(f), FHLMC has a right to remove state actions filed against it to federal court, which it did here. *See* ECF 1 & 7. 12 U.S.C. § 1452 deems FHLMC an agency of the United States under 28 U.S.C. § 1442, confers federal district courts with original jurisdiction over all civil actions to which FHLMC is a party, and allows FHLMC the right to remove to federal court any civil action filed in state court. 12 U.S.C. § 1452(f). 28 U.S.C. § 1442(a)(1) in turn provides that "[a] civil action . . . that is commenced in a State court and that is against or directed to" any agency of the United States "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." Courts have recognized that under 28 U.S.C. § 1442, "[t]he United States ordinarily enjoys an absolute right to remove cases to federal court." *State v. United States*, 7 F.4th 160, 163 (4th Cir. 2021). As a deemed agency of the federal government, FHLMC enjoys an absolute right to resolve these claims in federal court, its entitlement to which is not the subject of factual dispute. Dismissal, not remand, is therefore appropriate.

185 (4th Cir. 2013) ("A dismissal for lack of standing . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").[4]

     A separate Order shall issue.

Date: <u>March 17, 2022</u>

                                                  _____

                                                  Deborah L. Boardman
                                                  United States District Judge

---

[4] Because the Court does not have subject matter jurisdiction over plaintiff's claims, the Court cannot decide whether Ms. Alston has stated a claim under ECOA or whether her TILA claim would survive a motion to dismiss or summary judgment. However, the Court notes that plaintiff has likely failed to state a claim under ECOA because she has not adequately pled that discrimination was the cause of the harm. *See Wise v. Vilsak*, 496 F. App'x 283, 285 (4th Cir. 2012). She has alleged only that she is a member of a protected class and that, "upon information and belief," some members outside her class received favorable treatment. ECF 19, ¶ 24. She does not plead facts giving rise to the plausible inference that she was discriminated against directly, and she has not alternatively alleged that she was similarly situated to the members outside her protected class or that she was qualified for the loan modification. *Id.* Plaintiff's TILA claim likely would fare no better because plaintiff apparently agreed to forego this claim when she signed a settlement agreement with a far-reaching release provision. *See* ECF 22-2.